# IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A. AS
TRUSTEE ON BEHALF OF THE
CERTIFICATEHOLDERS PARK PLACE
SECURITIES, INC., ASSET-BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2005-WCW1,
Appellant,
vs.
COZY CREEK STREET TRUST DATED
03/09/12 C/O RESOURCES GROUP,
LLC; RIVER GLIDER AVENUE TRUST
C/O RESOURCES GROUP, LLC;
NEVADA ASSOCIATION SERVICES,
INC.; AND AZURE ESTATES OWNERS
ASSOCIATION,
Respondents.

No. 73131


FILED

NOV 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court final judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Reviewing the challenged summary judgment order de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand for further proceedings.[1]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18-904721

We conclude that the district court erroneously granted summary judgment for respondents Cozy Creek Street Trust and River Glider Avenue Trust, as Wells Fargo's agent tendered $126 to the HOA's agent, which undisputedly represented 9 months of assessments. *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2009)] . . . is limited to an amount equal to nine months of common expense assessments."). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018). Although Cozy Creek and River Glider contend that (1) the tender was ineffective because it imposed conditions, (2) Wells Fargo was required to keep the tender good, (3) Wells Fargo was required to record evidence of the tender, and (4) Cozy Creek and River Glider are protected as bona fide purchasers, we recently rejected similar arguments.[2]

---

[2]Cozy Creek and River Glider have not identified any condition that Wells Fargo was not legally entitled to impose. Similarly, although Cozy Creek and River Glider argue that the HOA's agent had a good-faith basis for rejecting the tender, that argument was not raised in district court, *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), and in any event, there is no evidence in the record to support the argument, *Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (recognizing that arguments of counsel are not evidence).

*Id.* at 118-121. Accordingly, Cozy Creek and River Glider took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Douglas Smith, District Judge
       Wright, Finlay & Zak, LLP/Las Vegas
       Lipson Neilson Cole Seltzer & Garin, P.C.
       Law Offices of Michael F. Bohn, Ltd.
       Eighth District Court Clerk